ATTORNEY DISCIPLINARY PROCEEDINGS
1PER CURIAM. *
The Office of Disciplinary Counsel (“ODC”) instituted an investigation into alle *797 gations of misconduct after several complaints were filed against respondent, Timothy L. McCune, an attorney licensed to practice law in the State of Louisiana, alleging lack of due diligence, neglect of cases, failure to communicate, conversion of funds, fraud and misrepresentation. The underlying facts surrounding the complaints are as follows:
1. In mid-1992, respondent knowingly deposited fraudulent and worthless checks totaling $33,655 with a financial institution drawn on his wife’s account with the Jefferson Parish School Board Employees’ Credit Union. He later withdrew the funds based on the deposits. As a result, criminal charges were brought in federal court. See United States v. Timothy L. McCune, No. 95-093 “K”(3), United States District Court for the Eastern District of Louisiana.
2. Jeffrey Scott Cross retained respondent to prepare a will for him. Cross died in June 1992, and over one year later, no succession proceeds had been distributed. The evidence indicated the succession funds were withdrawn by respondent in twenty-five separate transactions between October 1992 and April 1993. Respondent entered a guilty plea in Louisiana state court to theft in excess of $1,000 and was sentenced to two years imprisonment. State of Louisiana v. Timothy L. McCune, No. 370-899, Orleans Parish Criminal District Court, Div. “B”. The two heirs filed complaints with the ODC.
3. Ronald Moore retained respondent to institute a personal injury suit against his employer. While respondent filed the suit, he failed to respond to discovery propounded by opposing counsel, thus, resulting in the dismissal of the suit. Moore filed a malpractice suit and when respondent again failed to respond, the trial court entered a default judgment in Moore’s favor in the amount of $283,000. Moore and his attorney have since been unable to contact respondent.
4. In June 1984, Edward Jennings retained respondent to institute a bankruptcy proceeding on his behalf, as well as a civil suit against a fast food restaurant arising | ¿from a slip and fall incident. Respondent failed to pursue the bankruptcy matter resulting in the repossession of Jennings’ home. As to the personal injury matter, respondent did not pay his client’s medical bills as promised.
5. In 1990, respondent encouraged his clients, Mr. and Mrs. Chet Hirstius, to take out a personal loan of $2,000 to pay off their Internal Revenue Service debt. They followed his advice and deposited the amount in respondent’s trust account for settlement of their claim. Several years after terminating respondent’s services, they learned respondent had deducted his fees from the settlement escrow and closed the account only three months after they made the deposit. They filed a complaint alleging neglect of a legal matter, lack of communication, misrepresentation and conversion.
On March 9, 1995, while the investigation into these matters was pending, but prior to the institution of formal charges, respondent tendered a petition for consent disbarment based on his guilty plea in federal court for financial institution fraud involving the Jefferson Parish School Board Employees’ Credit Union. See United States v. Timothy L. McCune.[1] In his attached affidavit, he admitted to the allegations of misconduct being investigated by the ODC.
Based on this conviction, the ODC filed a motion for interim suspension, which was granted by this court on September 15,1995. In re: McCune, 95-1839 (La.9/15/95), 660 So.2d 442. The ODC filed a concurrence to the petition and submitted its evidence in *798 support of the complaints filed against respondent.
On April 3,1998, the board filed its recommendation proposing adoption of the consent discipline that respondent be disbarred from the practice of law, reasoning it is “the only-sanction that adequately serves to protect the public and upholds the standards of the profession.” Relying on the ABA Standards for Imposing Lawyer Sanctions,[2] the board concluded disbarment was the appropriate sanction considering “the amount of actual injury to [respondent’s] unsuspecting clients and his on-going pattern of intentional wrongdoing.” While it noted there was insufficient information regarding the monetary amounts owed to the victims, the board suggested restitution be paid to the victims.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court the recommendation of the disciplinary board be adopted.
Accordingly, it is ordered that the name of Timothy L. McCune be stricken from the rolls of attorneys, and that his license to practice law in the State of Louisiana be revoked effective September 15, 1995, the date of interim suspension. It is further ordered respondent make restitution to his victims. All costs of these proceedings are assessed against respondent.

 Knoll, J. not on panel. Supreme Court Rule IV, Part 2, § 3.

. Pursuant to his March 22, 1995 guilty plea, petitioner was sentenced to one year in prison followed by five years supervised probation. Further, he agreed any imposed restitution would be nondischargeable in future bankruptcy proceedings. Petitioner was also ordered to seek testing and/or treatment for alcohol substance abuse.

. ABA Standard 4.11 provides "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.” Standard 5.11 provides "[djisbarment is generally appropriate when a lawyer engages in any serious conduct, a necessary element of which includes ... misrepresentation, fraud, extortion, misappropriation, or theft.”